# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAILAH RILEY, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BLOOMIN' BRANDS INC., D/B/A OUTBACK STEAKHOUSE | *ELECTRONICALLY FILED* |
| Defendant. | |

## COMPLAINT

Plaintiff, Nailah Riley, a resident of Dauphin County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Bloomin' Brands, Inc. d/b/a Outback Steakhouse, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*, and 28 U.S.C. §§1331, 1343, 1367, as well as pendent state law claims arising under the provision of the laws of this Commonwealth, *to wit*, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (the "PHRA").

1

2. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

4. Plaintiff, Nailah Riley (hereinafter "Ms. Riley" or "Plaintiff"), is an adult African American female residing at 1326 State Street, Apartment 3, Harrisburg, Dauphin County, Pennsylvania 17103.

5. Defendant, Bloomin' Brands, Inc. d/b/a Outback Steakhouse (hereinafter "Outback" or "Defendant") is a Florida corporation and maintains its headquarters at 2202 N. West Shore Boulevard, Suite 500, Tampa, Hillsborough County, Florida 33607.

6. At all times relevant and material to this Complaint, Bloomin' Brands, Inc., owned and operated an Outback Steakhouse restaurant located at 3527 Union Deposit Road, Harrisburg, Dauphin County, Pennsylvania 17109.

## ADMINISTRATIVE PROCEEDINGS

7. On or about March 19, 2020, Ms. Riley initiated a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was later

formalized and docketed as Charge No. 530-2020-00956, with instructions to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC").

8. Ms. Riley has been advised of her right to sue in federal court, which notice was dated March 1, 2021, and received thereafter.

9. All necessary and appropriate administrative prerequisites with regard to Ms. Riley's claims have occurred.

## STATEMENT OF FACTS

10. On or about October 24, 2018, Ms. Riley was hired by Outback as a Server.

11. From the start of her employment with Outback, Ms. Riley was a standout employee and frequently received praise from her management on her overall work performance.

12. As such, Ms. Riley was promoted to the position of Key Employee on or about September 15, 2019.

13. A Key Employee position at Outback is a supervisory position which assists the management of the restaurant.

14. As a Key Employee, Ms. Riley reported to Louis Seltzer, the then-Proprietor and General Manager of the Outback location.

15. During her employment with Outback, Ms. Riley noticed that her African American coworkers were disproportionately disciplined for similar conduct in which non-African American employees were engaging without the same disciplinary results.

16. For example, African American employee Hafisa Cushmere was terminated following a verbal disagreement with another Outback employee which was overheard by customers.

17. In or around the same time as Ms. Cushmere's termination, Ms. Riley heard – from the dining room in which customers were seated – White employee Summer Martin engaged in a verbal argument in the kitchen; Ms. Martin maintained her employment with Outback.

18. It was common practice for Ms. Martin to engage in loud outbursts while at work, but Ms. Martin never lost her job for such outbursts as did African American employees of Outback.

19. Following Ms. Cushmere's termination, on or around October 27, 2019, Ms. Riley and Kitchen Manager Elijah Watkins approached Mr. Seltzer to complain to him that they believed African American employees were not receiving the same treatment as non-African American employees.

20. Mr. Seltzer was unreceptive to Ms. Riley and Mr. Watkins' good-faith complaint.

21. On or around November 2, 2019, Ms. Riley was bagging food in the kitchen at Outback and heard Ms. Martin loudly yelling at members of the kitchen staff.

22. Ms. Riley asked Ms. Martin to stop yelling at the kitchen staff.

23. Ms. Martin shifted her anger to Ms. Riley. Ms. Martin slammed a handful of boxes on the counter and approached Ms. Riley, screaming at her.

24. A brief verbal argument unfolded between Ms. Riley and Ms. Martin.

25. Assistant Kitchen Manager Amanda Rivera stepped in to deescalate the situation.

26. Additionally, Ms. Martin's boyfriend Brandon Moore – also an Outback employee – physically escorted Ms. Martin out of the kitchen and into the dining room as she continued to scream at Ms. Riley in front of guests.

27. An hour after the confrontation, Ms. Riley ended her shift and went home for the day.

28. At or around 1:12 a.m. on November 3, 2019, Mr. Seltzer made an entry into Outback's Store Log indicating that he was made aware of the aforementioned situation, stating that "Summer and Nailah were involved in an altercation that may have involved physical contact" and that he was seeking witnesses to the interaction.

29. Ms. Riley worked her scheduled shift at Outback on November 3, 2019.

30. From November 4, 2019 until November 8, 2019, Ms. Riley was out of work on medical leave and from November 10, 2019 until November 17, 2019, Ms. Riley was scheduled to be off from work on a pre-approved vacation.

31. On or about November 14, 2019, Ms. Riley decided to end her vacation early and attempted sign up to cover a shift for a co-worker the following day, November 15, 2019; this shift change was conducted over Outback's scheduling application HotSchedules.

32. Ms. Riley received a notification that her request to cover the aforementioned shift was denied.

33. On or about November 15, 2019, Ms. Riley went to work to speak with her coworkers, Mr. Watkins and Ms. Rivera, about statements they made in regard to the aforementioned November 2, 2020 altercation.

34. On or about November 18, 2019, Ms. Riley and Mr. Seltzer spoke through text message and Mr. Seltzer expressed his excitement for Ms. Riley returning to work after her vacation.

35. Ms. Riley was not placed on the schedule to work.

36. On or about December 2, 2019, Ms. Riley was informed by Human Resources that her employment was terminated – effective weeks prior on November 14, 2019 – for the pretextual reason that she engaged in a "physical"

altercation at work, referring to the aforementioned November 2, 2019, verbal altercation with Ms. Martin.

37. Ms. Martin – the white employee who instigated the November 2, 2019, altercation – maintained her employment with Outback, despite her storied history of outbursts, the alleged reason for which Ms. Riley was terminated.

38. Ms. Riley, an African American woman, lost her employment based on an argument instigated by a White woman who maintained her employment, and out of retaliation for making a good-faith complain of race discrimination mere weeks prior to her termination.

39. Ms. Riley was illegally discriminated against on the basis of her African American race and skin color as well as retaliated against by being terminated for reporting previous instances of discrimination against fellow African American employees.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 1981
*Race Discrimination*

40. All prior paragraphs are incorporated herein as if set forth fully below.

41. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

42. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff on the basis

7

of her African American race, and thereby deny her the benefits of the contractual relationship she had entered with Defendant.

43. Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, Nailah Riley, seeks the damages against Defendant, Bloomin' Brands Inc. d/b/a Outback Steakhouse, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF 42 U.S.C. § 1981
*Retaliation*

44. All prior paragraphs are incorporated herein as if set forth fully below.

45. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

46. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to retaliate against Plaintiff by treating her less favorably than her non-African American coworkers and terminating her employment after she made frequent complaints of discrimination on the basis of her African American race and the treatment of other African American employees, and thereby deny her the benefits of the contractual relationship she had entered with Defendant.

47. Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, Nailah Riley, seeks the damages against Defendant, Bloomin' Brands Inc. d/b/a Outback Steakhouse, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### VIOLATIONS OF TITLE VII
*Discrimination – Race and Color*

48. All prior paragraphs are incorporated herein as if set forth fully below.

49. At all times relevant and material to this Complaint, Plaintiff was a member of a protected class, Black / African American.

50. Plaintiff was subjected to discrimination on the basis of her color and her African American race, in violation of Title VII, as described above.

51. The hostile work environment to which Plaintiff was subjected on the basis of her race and skin color would have detrimentally affected any reasonable person in her position.

52. Defendant's failure to maintain a workplace free from harassment based upon race and color was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

53. Further, Defendant terminated Plaintiff on the basis of her race and her color, evidenced by the fact that a similarly situated White / Caucasian employee was not for her involvement in the same incident for which Plaintiff was allegedly terminated.

54. As a result of Defendant's actions, Plaintiff has incurred economic loss and had her reputation damaged and standing in the community lowered. Plaintiff has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

55. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Nailah Riley, seeks the damages against Defendant, Bloomin' Brands Inc. d/b/a Outback Steakhouse, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### COUNT IV

**VIOLATIONS OF TITLE VII**
*Retaliation*

56. All prior paragraphs are incorporated herein as if set forth fully below.

57. As set forth above, subsequent to Plaintiff's frequent complaints of discrimination and harassment (hostile work environment) on the basis of her color

and African American race and the treatment of other Black / African American employees, Defendant retaliated against Plaintiff by terminating her employment.

58. As a result of Defendant's actions, Plaintiff has incurred economic loss and had her reputation damaged and standing in the community lowered. Plaintiff has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

**WHEREFORE**, Plaintiff, Nailah Riley, seeks the damages against Defendant, Bloomin' Brands Inc. d/b/a Outback Steakhouse, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT V

### VIOLATIONS OF PHRA
*Discrimination and Retaliation*

59. All prior paragraphs are incorporated herein as if set forth fully below.

60. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count V arise out of the same facts, events, and circumstances as Count I through Count V, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

61. By discriminating against Plaintiff based on her color and African American race and by retaliating against Plaintiff by terminating her for making good-faith complaints of discrimination on behalf of herself and other Black / African American employees, Defendant violated the provision of Title 43 P.S. § 955 which prohibits discrimination based on race and color as well as retaliation in response to good-faith reports of such discrimination.

**WHEREFORE**, Plaintiff, Nailah Riley, seeks the damages against Defendant, Bloomin' Brands Inc. d/b/a Outback Steakhouse, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nailah Riley, prays that this Honorable Court enters judgment in her favor and against Defendant, Bloomin' Brands Inc. d/b/a Outback Steakhouse, and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating, or retaliating against Plaintiff on the basis of her race, skin color, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race, skin color, and/or any basis prohibited

      under applicable federal and state law, and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and/or retaliation at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as provided for under Section 1981 and Title VII;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

i.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

| | |
|---|---|
| May 20, 2021<br>Date | */s/ Larry A. Weisberg*<br>Larry A. Weisberg (PA #83410)<br>lweisberg@weisbergcummings.com |

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA #83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Stephen T. Mahan, Jr. (PA #313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*